UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In Re:

GARY FRANCIS HOSTE,

    Debtor.

_____/

CASE NO. 15-28607-JKO

Chapter 7

### DEBTOR'S LIMITED RESPONSE TO TRUSTEE'S MOTION TO COMPEL AND FOR SANCTIONS AGAINST DEBTOR AND DEBTOR'S COUNSEL

COMES NOW, Gary Francis Hoste ("Hoste" or the "Debtor"), through undersigned counsel and pursuant to Sections 105 and 330 and Local Rule 9013-1,[1] and files this limited response to the Chapter 7 Trustee's Motion to Compel and for Sanctions Against Debtor and Debtor's Counsel ("Motion") [ECF 22], and in support states as follows:

### SUMMARY

The Trustee's Motion seeks to compel the Debtor to appear and provide documents at a second continued 341 meeting of creditors ("341 Meeting"), and to sanction him and/or his prior counsel for failing to appear at an earlier continued 341 Meeting. The Debtor understands the Trustee's position and is exceedingly apologetic for any mistakes made to date by himself and/or his prior counsel. And while the Debtor does not necessarily dispute the Trustee's Motion, he files this limited response in an effort to explain to both the Trustee and to this Court the circumstances surrounding why this case may have "got off on the wrong foot."

The Trustee's Motion is based primarily on allegations that the Debtor (through prior counsel) failed to properly disclose the existence of certain precious metals before his initial 341

---

[1] All references to "Chapter" and "Section" refer to the Bankruptcy Code appearing in Title 11 of the United States Code; all references to a "Bankruptcy Rule" refer to the Federal Rules of Bankruptcy Procedure; and all references to a "Local Rule" refer to the Local Rules of the U.S. Bankruptcy Court for the Southern District of Florida.

Meeting on November 23, 2015. Specifically, at that first 341 Meeting, the Debtor's former business partner and judgment creditor (through counsel) questioned the Debtor about $225,000.00 worth of precious metals the Debtor had purchased for his wife and/or her family between 2009 and 2013. The Debtor was not aware that he should have listed (and, if applicable, exempted) those items in his bankruptcy petition, since he believes they are legally the property of his wife (either jointly or solely). And since most of those metals were purchased and/or transferred more than 2 years ago, the Debtor was not required to list them in his Statement of Financial Affairs ("SOFA"). Notwithstanding, now that he is aware the estate could have an interest in such metals, the Debtor (through undersigned counsel) has agreed to amend his Schedules to list them. The Debtor will also be amending his SOFA to list the transfer/gift of such items even though they are outside the 2 year lookback periods under Sections 547 and 548 – as a sign of good faith.

To the extent the Motion seeks sanctions from both the Debtor and his prior counsel, the Debtor believes that he has acted in good faith and that he should not held jointly responsible. However, if the Debtor is held jointly liable for such attorneys' fees, he objects to the amount and propriety of same under Sections 105 and 330. Moreover, the Trustee's Motion is now partially moot since the Debtor appeared at his second continued 341 Meeting on January 7, 2016, [ECF 28], and he has produced all of the documents sought by the Trustee.

In short, even if the Debtor did not properly disclose/exempt all of his assets in his initial Schedules, it was without any bad or fraudulent intent. Rather, the Debtor did not understand that such assets probably should have been scheduled, regardless of whether or not they are subject to a claim of exemption and/or ownership by his wife. Indeed, had the Debtor been aware that the subject metals (as well as a malpractice claim against his former attorney valued at $500,000.00)[2]

---

[2] The Debtor's malpractice claim is against a putative creditor, The Shochet Law Group. Both of the attorneys from that firm attended the Debtor's 341 Meeting and they are now seeking a total of $2,000 in attorneys' fees (including

could possibly be included in his Chapter 7 estate, he would have likely filed a Chapter 11 or 13 case instead – seeking to reorganize rather than face liquidation of such assets. This is especially true considering that, if such items are indeed assets of his estate, they could be worth more than 80% of his total debt service of $973,163.20. [ECF 1, p.7].

## BACKGROUND

The Debtor is a licensed Doctor of Chiropractic ("DC"). His wife, Cindy Chan ("Ms. Chan"), is originally from China. From around 2009 through 2011, the Debtor purchased gold ingots and other precious metals for Ms. Chan – mostly for her own benefit, but also to use as gifts for family members back in China (commonly referred to as "hongbao gold"). Most of the ingots that were not gifted to Ms. Chan's family members are currently held in a storage facility in Asia under Ms. Chan's name. The remainder is in a local storage facility.

The Debtor was forced to file for bankruptcy after he and a former business partner, Jeffery Miller ("Miller"), got into a bitter dispute as to whether or not the Debtor had verbally agreed to give Miller partial ownership interest in a chiropractic practice called UCRC, Inc. ("UCRC"). When the dispute turned ugly, Miller also claimed that the Debtor had misappropriated funds from UCRC. Miller eventually filed a lawsuit in the Southern District of Florida [Case No. 11-CV-61946-RSR] (the "Miller Lawsuit"), asserting claims for breach of fiduciary duty, conversion, and civil theft. Miller also sought a declaratory judgment proclaiming him to be the owner of 50% of UCRC. At the summary judgment stage, however, the District Court (J. Rosenbaum, presiding) found, *inter alia*, that there was "no evidence to support" Miller's allegations that the Debtor had "diverted or misappropriated revenues from the operations of the companies for his personal benefit." See Miller Lawsuit at ECF 104, p.22, n.3.

---

4 hours of travel time) as sanctions from both the Debtor and/or his prior counsel. [ECF 22, pp.4-7].

After the District Court made those findings, the parties agreed to resolve their dispute pursuant to a confidential settlement agreement.[3]  Id. at ECF 110.  As a result, Miller entered into a Final Consent Judgment whereby he voluntarily dismissed all of his bad faith claims (i.e., breach of fiduciary duty, conversion, and civil theft), while agreeing to accept only a declaratory judgment for $500,000.00 in connection with his claim that he partially owned UCRC.  Id. at ECF 114.  The Debtor eventually sought bankruptcy protection after Miller garnished approximately $37,000.00 from the Debtor's bank account earlier in 2015.

**ARGUMENT**

1.	As noted above, there is no showing of bad faith on behalf of the Debtor – only unsubstantiated allegations raised by his embittered former business partner.

2.	The Debtor sincerely believes the subject metals to be the joint and/or sole property of his wife.  Notwithstanding, they were admittedly not fully disclosed and/or properly exempted when the Debtor filed his initial Schedules and SOFA.  Moreover, since all those metals were purchased and/or transferred more than 4 years ago, the Debtor was not required to list them in his SOFA.

3.	The Debtor did, however, disclose the purchase and transfer of such metals when asked about same by Miller's counsel at his initial 341 Meeting on November 23, 2015.[4]  Based on the questioning, the Trustee continued the 341 Meeting until December 16, 2015, [ECF 18], so the Debtor could obtain and provide the Trustee documentation regarding same.

---

[3] Under the terms of that confidential settlement agreement, however, confidentiality is waived and both Miller and the Debtor may testify in any malpractice action against The Shochet Law Firm and/or RDH Services, Inc.

[4] Additionally, after retaining undersigned counsel, the Debtor also located and disclosed to Trustee's counsel another purchase of approx. $29,000.00 worth of metals in January of 2013.  Now that he is fully aware of him obligations under Sections 521 and 727, the Debtor has already volunteered to provide the Trustee will any and all documentation in his possession and/or control regarding same.

4. Unfortunately, the Debtor was not able to obtain all the documents requested within the time allotted. As a result, the Debtor's former counsel apparently sent an email to the Trustee the morning of the first continued 341 Meeting, advising her that he and the Debtor would not be attending. As a result, the Trustee continued the 341 Meeting until January 7, 2016 [ECF 19].

5. The Debtor appeared and provided documents at that second continued 341 Meeting. By then, however, the Trustee had already filed the pending Motion seeking to compel the Debtor's attendance and production of documents concerning such metals, and for sanctions against the Debtor and/or his prior counsel "to cover creditor's counsel's fees." See Motion, p.2.

6. To the extent the Debtor has already attended the continued 341 Meeting and has provided (and/or agreed to provide) any and all documents requested by the Trustee, that portion of the Trustee's Motion is now essentially moot.

7. Moreover, to the extent the Motion may seek sanctions from both the Debtor and his prior counsel, the Debtor believes he should not held jointly liable for same. However, if he is held jointly liable, the Debtor objects to the reasonableness of same under Sections 105 and 330. See In re Apodaca, 401 B.R. 503, Case No. 08-17612-JKO (Bankr. S.D. Fla. 2009) (citing In re Williams, 384 B.R. 191, 194 (Bankr. N.D. Ohio 2007) ("When determining under § 330(a)(4)(B) what constitutes a reasonable amount of compensation, a court is directed by statute to consider the benefit and necessity of such services, together with those additional factors set forth in § 330.")); see also In re New River Boat Club, Inc., 417 B.R. 667, Case No. 07-11531-JKO (Bankr. S.D. Fla. 2009) (citing In re Sunshine Jr. Stores, Inc., 456 F.3d 1291, 1304 (11th Cir. 2006) ("[t]he key to unlocking a court's inherent power is a finding of bad faith")).

8. Notwithstanding any initial missteps in this case, now that he fully understands his obligations under the Code, the Debtor intends to comply with such obligations and will continue

to act in good faith throughout the remainder of this case in order to get the "fresh start" to which he is entitled.

## CONCLUSION

WHEREFORE, the Debtor prays this Honorable Court (a) deny the Trustee's request for sanctions against the Debtor; (b) alternatively, if the Debtor is held liable for such sanctions jointly with his prior counsel, they should be reduced in accordance with Sections 105 and 330; and (c) grant such other and further relief as the Court deems just and equitable in the premises.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Dated: January 15, 2016.    Respectfully submitted,

KISH LAW FIRM, PLLC

/s/ Matthew S. Kish
Matthew S. Kish, Esq.
Fla. Bar. No. 491640
1200 N. Federal Hwy, Suite 200
Boca Raton, Florida 33432
Phone: 561.210.8365
Fax:    561.210.8301
Email: matt@kish-law.com
*Counsel for Debtor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on January 15, 2016, that a true and correct copy of the foregoing was served on all interested parties entitled to receive email notice/service for this case via the Court's Notice of Electronic Filing, and via U.S. mail to such parties who are not on the list to receive email notice/service for this case (who therefore require manual noticing/service).

/s/ Matthew S. Kish
Matthew S. Kish

**CM/ECF Notice List**

The following is the list of parties who **are** currently on the list to receive email notice/service for this case.

- Office of the US Trustee; USTPRegion21.MM.ECF@usdoj.gov
- Sonya Salkin, Chapter 7 Trustee; salkintrustee@msbankrupt.com

- Mark Bonacquisti, Esq.; Mark@msbankrupt.com
- VT Inc., c/o Christina Paradowski, Esq.; cvp@trippscott.com

**Manual Notice List**

The following is the list of parties who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service).

- Gary Francis Hoste, 711 Bay Shore Drive, Apt. 302, Fort Lauderdale, FL 33304
- Matthew R. McGuigan, Esq., 2110 NW 110th Lane, Pompano Beach, FL 33071
- The Shochet Law Firm, c/o Christian Posada, Esq., 3900 Woodlake Blvd, #202, Greenacres, FL 33463
- Jeffrey Miller, c/o Mark W. Rikard, Esq., Mark W. Rikard, P.A., 870 NW 79th Terrace Plantation, FL 33324