UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

In re:  Case No. 15-28607-BKC-JKO

GARY FRANCIS HOSTE,  Chapter 7

    Debtor.
_____/

## CREDITOR'S OBJECTION TO DEBTOR'S CLAIMED EXEMPTIONS

Creditor, Jeffrey Miller ("Miller"), by counsel, pursuant to Fed. R. Bankr. P. 4003, objects to the Debtor's claimed exemption(s) in the property set forth below, and in support thereof, states as follows:

1. This case was commenced by the filing of a voluntary Chapter 7 petition on October 20, 2015 (the "Petition Date") by Gary Francis Hoste (the "Debtor").

2. Miller is a creditor in this proceeding, by virtue of a Final Judgment Upon Consent, entered on April 8, 2013 in Case # 11-61946-CIV-ROSENBAUM, in the United States District Court for the Southern District of Florida (the "Final Judgment"), in the amount of $500,000.00 (the "Miller Claim").  Miller timely filed Claim No. 6 on March 23, 2016, in the amount of $490,084.91, which takes into account post-judgment interest, costs and payments made post-judgment.

## Procedural History

3. The Debtor filed his initial bankruptcy schedules and Statement of Financial Affairs ("SOFA") on the Petition Date [ECF No. 1].

4. On January 29, 2016, the Debtor filed amended schedules, including an Amended Schedule "C" [ECF No. 56] (the "Amended Schedules").

5. Pursuant to Court order dated April 7, 2016 [ECF No. 88], the deadline for Miller to object to the Debtor's claimed exemptions was extended to May 6, 2016.  Thus, this Objection is timely.

---

**Factual Background**

6. The primary asset for which this Objection relates is the Debtor's interest in $37,025.81, held in a Bank United Checking Account (Acct # 1425) (the "Bank United Checking Account") on the Petition Date (the "Garnished Funds"). The Garnished Funds were garnished by Miller prior to the Petition Date, pursuant to a Writ of Garnishment in a domestication of judgment proceeding relating to the Final Judgment, in the Broward County Circuit Court, Case No. 15-001694-CACE-18 (the "Garnishment Proceeding").

7. The Debtor listed the Garnished Funds in his Amended Schedule "B", and claimed the Garnished Funds as exempt in his Amended Schedule "C", pursuant to Fla. Const. Art. X, § 4(a)(2) (in the amount of $130.00), Fla. Stat. § 222.25(4) (in the amount of $2,500.00) and Fla. Stat. § 222.11(2)(b) (in the amount of $34,395.81).

8. Not only does Miller have a secured claim against the Garnished Funds, but the Garnished Funds are not eligible to be claimed as exempt pursuant to Fla. Stat. § 222.11(2)(b), as more particularly described below.

9. On March 17, 2015, the Clerk of Court in the Garnishment Proceeding issued a Writ of Garnishment, which was served on Bank United, N.A. ("Bank United") on March 23, 2015. Attached hereto as Composite Exhibit "A" is a copy of the Writ of Garnishment and Return of Service.

10. Bank United filed an Answer to the Writ of Garnishment on April 13, 2015, indicating that it was holding the amount of $36,625.80 in the Bank United Checking Account. Attached hereto as Exhibit "B" is a copy of the Answer to Writ of Garnishment.

11. On March 30, 2015, the Debtor filed a Claim of Exemption and Request for Hearing in the Garnishment Proceeding, indicating an exemption based on "[o]ther exemptions as provided by law." The Debtor specifically did not claim an exemption under Fla. Stat. § 222.11 in the Claim of Exemption and Request for Hearing, which is attached hereto as Exhibit "C". The basis of the Debtor's Claim of Exemption appeared to be that the Debtor was going to use the Garnished Funds to pay his outstanding federal income taxes, which is not a valid

_____

Leiderman Shelomith, P.A., Attorneys at Law
2699 Stirling Road, Suite C401, Ft. Lauderdale, FL 33312 · Tel. (954) 920-5355 · Fax (954) 920-5371

exemption under Florida law.

12. On May 18, 2015, the Debtor withdrew his Claim of Exemption and Request for Hearing in the Garnishment Proceeding (*see* attached Exhibit "D").

13. Thereafter, two days before a hearing on the Debtor's attorney's Motion to Withdraw as Counsel in the Garnishment Proceeding, the Debtor filed the instant Chapter 7 bankruptcy proceeding. At the time of the Petition Date, a Final Judgment of Garnishment was not yet entered in the Garnishment Proceeding.

14. On the Debtor's Schedule "I" [ECF No. 1], he indicated that he was a self-employed chiropractor. Furthermore, during the course of this proceeding, the Debtor has further testified that he is self-employed, runs his own business, and does not earn any wages.

## Relief Requested

15. Miller objects to the Debtor's claimed exemption in the Garnished Funds[1], for the following reasons:

    a. The Garnished Funds were not "earnings", under Fla. Stat. § 222.11(2), because the Debtor was self-employed;

    b. Even if the Garnished Funds were exempt "earnings" under Fla. Stat. § 222.11(2), they lost their exempt character because more than six (6) months passed from the time that they were received into the Bank United Checking Account to the Petition Date;

    c. The Debtor has no dependents; and

    d. The Debtor waived any entitlement to claim the Garnished Funds as exempt by virtue of his failure to raise the exemption in the Garnishment Proceeding.

---

[1] Miller has a secured claim against the Garnished Funds, pursuant to Fla. Stat. § 77.06(1), by virtue of the service of the Writ of Garnishment on Bank United, which took place on March 23, 2015, a date that is outside any applicable avoidance period under Chapter 5 of the United States Bankruptcy Code. Upon information and belief, the Garnished Funds have been turned over by Bank United to the Trustee. Miller intends on requesting that the Trustee abandon the Garnished Funds and turn the Garnished Funds over to Miller, upon the adjudication of this Objection.

**Memorandum of Law**

    **A.**    **The Garnished Funds were not "earnings" and the Fla. Stat. § 222.11(2) exemption therefore does not apply**

    16.    The specific exemption in the Garnished Funds claimed by the Debtor is the "head of household exemption" set forth in Fla. Stat. § 222.11(2)(b), which provides that "[d]isposable earnings of a head of a family, which are greater than $750 a week, may not be attached or garnished unless such person has agreed otherwise in writing."

    17.    Florida and Bankruptcy Courts have consistently held that "earnings" do not include income from businesses of debtors "who run their own businesses [and] have control over the timing and amount of their compensation." *Brock v. Westport Recovery Corporation*, 832 So. 2d 209, 212 (Fla. 4th DCA 2002). *See also In re Im*, 495 B.R. 46 (Bankr. M.D. Fla. 2013) (same).

    18.    Based upon the Debtor's relevant tax returns and bankruptcy schedules, during all relevant time periods, he was self-employed and ran his own business. Accordingly, the Debtor is not eligible to claim an exemption pursuant to Fla. Stat. § 222.11(2).

    **B.**    **Even if they were exempt, the Garnished Funds lost their exempt character prior to the Petition Date**

    19.    Even if the Garnished Funds were exempt "earnings" under Fla. Stat. § 222.11(2), they lost their exempt character because more than six (6) months passed from the time that they were received into the Bank United Checking Account to the Petition Date.

    20.    Fla. Stat. § 222.11(3) provides that "[e]arnings that are exempt under subsection (2) and are credited or deposited in any financial institution are exempt from attachment or garnishment for 6 months after the earnings are received by the financial institution if the funds can be traced and properly identified as earnings".

    21.    The Garnished Funds were on deposit in the Bank United Checking Account as of the date of Bank United's Answer, which was April 13, 2015. Therefore, any exemption pursuant to Fla. Stat. § 222.11(2) expired six (6) months later, on October 13, 2015. The Petition Date is October 20, 2015.

_____

Leiderman Shelomith, P.A., Attorneys at Law
2699 Stirling Road, Suite C401, Ft. Lauderdale, FL 33312 · Tel. (954) 920-5355 · Fax (954) 920-5371

22.     Accordingly, the Garnished Funds could not be exempt as of the Petition Date.

**C.     The Debtor has no dependents**

23.     Fla. Stat. § 222.11(2)(b) relate to disposable earnings of a "head of family". Pursuant to Fla. Stat. § 222.11(1)(b), "head of family" includes a person who is providing more than one-half of the support for a child or other dependent.

24.     Upon information or belief, the Debtor has no children.

25.     The Debtor claimed in his schedules that his wife is a dependent.  However, the Debtor's wife testified at her Rule 2004 Examination that she has her own finances, and at the time the Garnished Funds were deposited into the Bank United Checking Account, she had her own business.  Furthermore, the Debtor did not claim his wife as a dependent on his 2014 federal income tax return.

26.     As such, the Debtor cannot be a "head of family" and the Fla. Stat. § 222.11(2)(b) exemption cannot apply.

**D.     The Debtor waived his right to claim an exemption to the Garnished Funds**

27.     As stated above, the Debtor withdrew his Claim of Exemption and Request for Hearing in the Garnishment Proceeding.  Furthermore, the Debtor did not claim an exemption pursuant to Fla. Stat. § 222.11(2), Fla. Const. Art. X, § 4(a)(2) or Fla. Stat. § 222.25(4) in his Claim of Exemption and Request for Hearing in the first place.

28.     The failure to timely raise a claim of exemption after the notice of issuance of a Writ of Garnishment waives the exemption.  *See Zivitz v. Zivitz*, 16 So. 3d 841 (Fla. 2nd DCA 2009) (holding that a homestead exemption had been waived by failure to timely assert the claim after notice of issuance of a writ of garnishment).

29.     Accordingly, notwithstanding the arguments set forth above, the Debtor has waived his entitlement to claim an exemption to the Garnished Funds pursuant to Fla. Stat. § 222.11(2)(b), Fla. Const. Art. X, § 4(a)(2) or Fla. Stat. § 222.25(4).

30.     For all of these reasons, the Debtor's claimed exemption in the Garnished Funds should be disallowed.

**Objections to the Debtor's Other Claimed Exemptions**

31. In addition to the foregoing, Miller objects to certain other of the Debtor's claimed exemptions, as follows:

 a. **Tenancy by the Entireties Exemption(s)**. The Debtor claimed certain items of personal property as exempt, pursuant to the tenancy by the entireties exemption (11 U.S.C. § 522(b)(3)(B)), including "TV, Couch Set, Dining Set, Bed, Fouton, Fish Tank", "Cash", "Security Deposit with Souza Reality, LLC", and certain items of precious metals (46 assorted gold and silver coins/bars and gold mapleleaf) (the "Personal Property Items"). Miller disputes that all six required "unities" exist with each of the Personal Property Items referenced above and further disputes that the Debtor and his wife had the intention to own these Personal Property Items as tenants by the entireties.

 b. **80% of any 2015 Tax Refund**. The Debtor claimed a 100% exemption in 80% of any tax refund for 2015, pursuant to Fla. Stat. § 222.25(3) (Earned Income Credit) (the "Tax Refund"). Without reviewing the Debtor's 2015 federal income tax return, Miller disputes that the Debtor is entitled to an exemption of 80% of any such Tax Refund.

32. For all of the above reasons, Miller requests that the Court disallow the Debtor's claimed exemptions, as specifically set forth herein.

WHEREFORE, the Trustee respectfully requests that the Court enter an order disallowing the Debtor's claimed exemption(s) in the Garnished Funds, Personal Property Items and Tax Refund and granting such other and further relief as the Court deems just and proper.

Dated: May 6, 2016.

            LEIDERMAN SHELOMITH, P.A.
            Attorneys for Miller
            2699 Stirling Road, Suite C401
            Ft. Lauderdale, Florida 33312
            Telephone: (954) 920-5355
            Facsimile: (954) 920-5371

            By:_____/s/_____
             ZACH B. SHELOMITH
             Florida Bar No. 0122548
             zshelomith@lslawfirm.net

**<u>CERTIFICATE OF SERVICE</u>**

      I hereby certify that a true and correct copy of the foregoing motion was served on May 6, 2016 via the Notice of Electronic Filing (which is incorporated herein by reference), and via U.S. Mail to Mark Bonacquisti, P.O. Box 15580, Plantation, FL 33318 and Mark Bonacquisti, 950 South Pine Island Rd # A150, Plantation, FL 33324 and Gary Francis Hoste, 711 Bay Shore Dr # 302, Ft. Lauderdale, FL 33304.

By:_____/s/_____
Zach B. Shelomith

_____

Leiderman Shelomith, P.A., Attorneys at Law
2699 Stirling Road, Suite C401, Ft. Lauderdale, FL 33312 · Tel. (954) 920-5355 · Fax (954) 920-5371

In the Circuit Court of the Seventeenth Judicial Circuit
In and for Broward County, Florida

Case No.: CACE-15-001694
Division: Civil

Jeffrey Miller,
    Plaintiff,

vs.

Gary Hoste, UCRC, Inc., and
UCRC Holdings, Inc.,
    Defendant,
and

Bank United,
    Garnishee.
_____/

# WRIT OF GARNISHMENT

The State of Florida:

To each Sheriff of the State:

You are commanded to summon Garnishee, Bank United, whose address is BankUnited, N.A., Legal Department-Legal Demands, 7825 NW 148th Street, Miami Lakes, Fl. 33016, to serve an answer to this Writ on LAW GUARD, attorney for the Judgment Creditor, whose address is Post Office Box 16207, Plantation, FL 33318 (telephone number 754-265-7848), within 20 days after service on the Garnishee, exclusive of the day of service, and to file the original with the clerk of court wither before service on the attorney or immediately thereafter. The answer shall state whether Garnishee is indebted to Defendants, Gary Hoste, UCRC, Inc., or UCRC Holdings, Inc., at the time of the answer or was indebted at the time of service of the Writ, plus sufficient time not to exceed one business day for the Garnishee to act expeditiously on the Writ or at any time between such times, and in what sum and what tangible and intangible property of the Judgment Debtors, Gary Hoste, UCRC, Inc., or UCRC Holdings, Inc., Garnishee is in possession or control of at the time of the answer or had at the time of service of this Writ, or at any time between such times, and whether the Garnishee knows of any other person or entity indebted to the Judgment Debtors, Gary Hoste, UCRC, Inc., or UCRC Holdings, Inc., or who may be in possession or control of any of the property of the Judgment Debtors.

Composite Exhibit "A"

The amount set out in the motion of the Judgment Creditor is the Final Judgment amount of $500,000.00 plus interest from April 8, 2013.

**FAILURE TO FILE AN ANSWER WITHIN THE TIME REQUIRED MAY RESULT IN THE ENTRY OF A JUDGMENT AGAINST THE GARNISHEE FOR THE TOTAL AMOUNT ABOVE.**

Witness my hand and seal of this Court on   MAR 17 2015  .

HOWARD C. FORMAN
As Clerk of the Court

By: _____
    As Deputy Clerk

HOWARD C. FORMAN

# RETURN OF SERVICE

| Case: | Court: | County: | Job: |
|---|---|---|---|
| CACE 15-001694 | In The Circuit Court of the 17th Judicial Circuit | Broward County, FL, | 522377 |
| **Plaintiff / Petitioner:** | | **Defendant / Respondent:** | |
| Jeffery Miller | | Gary Hoste, UCRC, Inc and UCRC Holdings, Inc Bank United Garnishee | |
| **Received by:** | | **For:** | |
| One Serve Legal LLC | | Law Guard | |
| **To be served upon:** | | | |
| Lewellyn R. Kamin, Sr. Legal Services Specialist BankUnited, N.A. Legal Department-Legal Demands | | | |

Received by One Serve Legal, Inc. on the Mar 18, 2015 at 10:02am to be served on Lewellyn R. Kamin, Sr. Legal Services Specialist BankUnited, N.A. Legal Department-Legal Demands, 7825 NW 148th Street, Miami Lakes, FL 33016

I, Qaisar Anderson, do hereby affirm that on Mar 23, 2015, 12:06 pm., I:

Substitute served a true copy of the WRIT OF GARNISHMENT, with the date and hour of service endorsed thereon by me, to: Anabell Nemrow Assistant GC, Lewellyn R. Kamin, Sr. Legal Services Specialist BankUnited, N.A. Legal Department-Legal Demands, 7825 NW 148th Street, Miami Lakes, FL 33016, and informed said person of the contents therein, in compliance with state statutes F.S. 48.031(1) and 48.081.

I certify that I am over the age of 18, have no interest in the above action, and am authorized, in good standing, in the Judicial Circuit in which the process was served.

Under penalties of perjury, I declare that I have read the forgoing document and that the facts stated in it are true. Notary not required pursuant to Florida Statutes 92.525(2).

| | |
|---|---|
| Recipient Name / Address: | Anabell Nemrow Assistant GC, Lewellyn R. Kamin, Sr. Legal Services Specialist BankUnited, N.A. Legal Department-Legal Demands, 7825 NW 148th Street, Miami Lakes, FL 33016 |
| Manner of Service: | Substitute Service - Business, Mar 23, 2015, 12:06 pm EDT |
| Documents: | WRIT OF GARNISHMENT (Received Mar 18, 2015 at 10:02am) |

**Additional Comments:**
1) Successful Attempt: Mar 23, 2015, 12:06 pm EDT at 7825 NW 148th Street, Miami Lakes, FL 33016 received by Anabell Nemrow Assistant GC Lewellyn R. Kamin, Sr. Legal Services Specialist BankUnited, N.A. Legal Department-Legal Demands. Age: 50'S; Ethnicity: Caucasian; Gender: Female; Weight: 150; Height: 5'4"; Hair: Red;

_____
Qaisar Anderson          Date
2273

One Serve Legal LLC
14310 N.E. 5th Place Ste 3
Miami, Fl 33161
(786)527-4165

Composite Exhibit "A"

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO. CACE 15-001694

CIVIL DIVISION

JEFFREY MILLER,

       Plaintiff,

vs.

GARY HOSTE, UCRC, INC.
and UCRC HOLDINGS, INC.,

       Defendant,

BANK UNITED,

       Garnishee.

_____/

## GARNISHEE'S ANSWER TO WRIT OF GARNISHMENT

BANKUNITED, N.A., Garnishee in the above-styled cause, by and through its undersigned counsel, files this Answer of Garnishee and states:

1. At the time of this Answer, (plus sufficient time not to exceed one business day for Garnishee to act expeditiously on the Writ) and at all times between such dates, it was indebted to DR. GARY HOSTE, Account No. xxx-xxx1425. Pursuant to Florida law, **$36,625.80** is being held, which is double the amount stated in the Writ of Garnishment.

2. Garnishee did not have in its hands, possession or control, any goods, chattels, or effects of Defendant(s) at the time of service of the Writ of Garnishment or at the time of this Answer, or at any time between such dates, and does not know of any other person(s) indebted to Defendant(s) or who may have any of the effects of Defendant(s) in his/her hands.

Exhibit "B"

CASE NO. CACE 15-001694

3.  Garnishee is obligated to pay its attorneys a reasonable fee and requests the Clerk of the Court to award Garnishee the Statutory Fee, as provided by F.S. Section 77.28, for expenses incurred by it in obtaining representation in and about this suit.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy hereof has been furnished by email on this 13th day of April, 2015, to:

Law Guard
Post Office Box 16207
Plantation, FL  33318
Mark@LawGuard.US

ANABEL I. NEMROW, ESQUIRE
Attorney for Garnishee, BANKUNITED, N.A.
7815 N.W. 148th Street
Miami Lakes, FL  33016
Telephone 305-569-3425
Facsimile 786-313-1895
Primary email:  anemrow@bankunited.com
Secondary email:  msantangelo@bankunited.com
 By**:/s/Anabel I. Nemrow**_____
    **ANABEL I. NEMROW, ESQUIRE**
    Florida Bar No. 765112

Exhibit "B"

IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO. CACE-15-001694

Jeffrey Miller
_____
        Plaintiff

-vs-

Gary Hoste,
UCRC, Inc., and UCRC Holdings, Inc.,
_____
        Defendant

## CLAIM OF EXEMPTION AND REQUEST FOR HEARING

I claim exemptions from garnishment under the following categories as checked:

_____ 1. Head of family wages. (You must check a. or b. below.)
     _____ a. I provide more than one-half of the support for a child or other dependent and have net earnings of $500 or less per week.
     _____ b. I provide more than one-half of the support for a child or other dependent, have net earnings of more than $500 per week, but have not agreed in writing to have my wages garnished.
_____ 2. Social Security benefits.
_____ 3. Supplemental Security Income benefits.
_____ 4. Public assistance (welfare).
_____ 5. Workers Compensation.
_____ 6. Unemployment Compensation.
_____ 7. Veterans benefits.
_____ 8. Retirement or profit-sharing benefits or pension money.
_____ 9. Life insurance benefits or cash surrender value of a life insurance policy or proceeds of annuity contract.
_____ 10. Disability income benefits.
_____ 11. Prepaid College Trust Fund or Medical Savings Account.
__X__ 12. Other exemptions as provided by law.

If the Plaintiff does not file a sworn written statement that contests this Claim of Exemption within 2 business days after hand delivering of the Claim or, alternatively, 7 business days, if the Claim were served by mail, no hearing is required and the clerk must automatically dissolve the writ and notify the parties of the dissolution by mail. If the Plaintiff properly contest this Claim I request a hearing to decide the validity of my Claim. Notice of the hearing should be given to me at:

Address:   KHULLAR P.A.
               4786 W. Commercial Blvd
               Tamarac, FL 33319

Telephone:  954-642-2308

Exhibit "C"

The statements made in this Claim and Request are true to the best of my knowledge and belief.

_____  Date: __March 30th 2015__
Signature

STATE OF FLORIDA
COUNTY OF MIAMI-DADE

SUBSCRIBED AND SWORN to before me this __30th__ day of __MARCH__ 20__15__ by who is either known personally to me or who produced a valid Florida driver's license.

__Kristalee Roxanne Suer__
Notary Public
My commission expires on:

KRISTALEE ROXANNE SUER
MY COMMISSION # EE201445
EXPIRES May 23, 2016
(407) 386-0153   FloridaNotaryService.com

### Certificate of Service

I certify that on the __30th__ day of __March__, 20__15__ I mailed a copy of this Affidavit to Mark W. Rickard, Esq., who is the attorney for the Plaintiff at the following address: __P.O BOX 16207__ PLANTATION, FL 33318 and also served via e-service to Mark@ LawGuard.US.

/Divya Khullar, Esq./
Signature of Defendant
Divya Khullar, Esq.
Florida Bar No. 0101116
KHULLAR, P.A.
4786 W. Commercial Blvd.
Tamarac, Florida 33319
Phone:  (954) 642-2308
Fax:     (754) 999-7057
notices@khullarlaw.com
Attorney for Gary Hoste

Exhibit "C"

# BERKMAN, JORGENSEN, MASTERS & STAFMAN, LLC

CERTIFIED PUBLIC ACCOUNTANTS • BUSINESS CONSULTANTS
1000 WEST MCNAB ROAD • POMPANO BEACH, FLORIDA 33069
954/788-4533 • FAX 954/788-0272

March 23, 2015

Dr. Gary Hoste
4800 N State Route 7
Suite F 103
Lauderdale Lakes, FL 33319

Dear Dr. Hoste:

Please be advised that you owe the Internal Revenue Service thirty five thousand ($35,000) dollars for income taxes that must be paid by April 15, 2015. This amount represents income tax, social security and medicare taxes that are owed.

Yours truly,

*[signature]*

Sheldon L. Berkman, CPA

Exhibit "C"

```
                                         63-9059/2670              298
GARY HOSTE
                                          DATE 3/23/15    Shield℠

PAY TO      U S Dept of Tresuny              $ 35000.00
THE ORDER OF
         thirty five thousand  —            DOLLARS

 BankUnited  1-877-779-2265
             www.bankunited.com

MEMO  Taxes 2014              Gy Hoste

      ⑂5941⑂             1425⑂
```

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY FLORIDA

Jeffrey Miller,

    Plaintiff

v.

Gary Hoste, UCRC, Inc., and
UCRC Holdings, Inc.,

    Defendant(s).
_____/

CASE NO. CACE-15-001694
CIVIL DIVISION

### NOTICE OF WITHDRAWAL, WITHOUT PREJUDICE, OF DEFENDANT'S EMERGENCY MOTION FOR TEMPORARY INJUNCTION AND CLAIM OF EXEMPTION

PLEASE TAKE NOTICE that Defendant, Gary Hoste, by and through the undersigned counsel, hereby withdraws his Claim of Exemption as filed on March 30, 2015 and his Emergency Motion for Temporary Injunction as filed with the Court on April 14, 2015. Defendant withdraws his Motions without prejudice and reserves the right to renew said Motions, if necessary.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a true and correct copy of the foregoing has been furnished via e-service to Mark Rickard, Esq., Mark@LawGuard.US and Anabel Nemrow Esq., at anemrow@bankunited.com on this 18th day of May, 2015.

Respectfully Yours,

_____
Divya Khullar, Esq.
Florida Bar No. 0101116
**KHULLAR, P.A.**
4786 W. Commercial Blvd.
Tamarac, Florida 33319
Phone: (954) 642-2308
Fax: (754) 999-7057
notices@khullarlaw.com
*Attorney for Defendant*

Exhibit "D"